MATTER OF M/V "RIO CALCHAQUI"

In Fine Proceedings

SFR 10/28.322 (T–3)

*Decided by Board August 25, 1977*

Form I–259, Notice to Detain, Deport, Remove or Present Aliens, must be served on the carrier before liability for fines under section 273(d) of the Immigration and Nationality Act can attach. Listing of persons to be detained on Form I–410, "Receipt for Crew List," furnished the Master of the Vessel, standing alone, does not provide sufficient notice under section 273(d) of the Act.

In re: M/V "RIO CALCHAQUI", which arrived at Oakland, California from foreign, on January 26, 1976. Alien passengers involved: Roberto Cortez-Portillo, Jose Clemente Lafaux-Ortiz, Modesto Guillermo Cedeno-Montes, Jose Luis Garces-Valencia

Basis for Fine: Act of 1952—Section 273(d) [8 U.S.C. 1323(d)]

ON BEHALF OF CARRIER:   Transpacific Transportation Co.
650 California Street
San Francisco, California 94108

BY: Milhollan, Chairman; Wilson, Appleman, and Maguire, Board Members

This matter comes to us on certification from the District Director for review and final decision. He found that the carrier's agent, Transpacific Transportation Company, had incurred liability for a fine in the total amount of $4,000, to be imposed under section 273(d) of the Immigration and Nationality Act, as amended. We do not agree and hold that liability to fine has not been incurred in this case.

This case arose as a result of the carrier's failure to detain four alien stowaways on board when so ordered by an immigration officer. The stowaways had boarded the vessel in Colombia and were discovered on the high seas. The Service was notified of their presence before the vessel's arrival at Oakland, California, on January 26, 1976. The inspecting immigration officer ordered them detained and deported from the United States by service of Form I–259 on the agent. The vessel then departed from Oakland for Canada with the stowaways detained on board. Canadian Immigration refused permission to land the stowaways for the purpose of their repatriation.

The vessel returned to the United States and arrived at Vancouver,

Washington, on February 4, 1976, at which time the stowaways were again ordered to be detained on board. This was done without the issuance of another Form I-259. However, the immigration officer did sign and deliver to the Master of the vessel a "Receipt for Crew List" (Form I-410) which listed the four stowaways under "Detentions." The receipt bears a notation "IMPORTANT NOTICE" which states, inter alia, "The crewmen listed under "Detentions" are to remain on board the vessel at all United States ports on the voyage. Failure to detain will result in fine proceedings." The above form was attached to the Form I-418 Crew List. The vessel then sailed coastwise and arrived at San Francisco on February 6, 1976. Shortly thereafter, the four stowaways eluded the custody of the vessel and illegally entered the United States. Their escape allegedly was affected by the aid of an outside agent, unconnected with the vessel. Two of the above-named aliens, Cortez-Portillo and Garces-Valencia, were later apprehended and deported. Cedeno-Montes was also apprehended by the Service. Lafaux-Ortiz apparently is still at large in the United States.

The District Director contended that the inspecting officer in Vancouver properly ordered the stowaways detained on board, notwithstanding that a second Form I-259 was not served on the carrier. Although conceding that the stowaways were securely incarcerated and escaped only through outside assistance, the District Director further contended that the statute places an absolute duty on the carrier to detain stowaways on board when so ordered by an immigration officer. The District Director concluded that the carrier, therefore, had incurred liability for a fine despite the cautions taken or the diligence used to detain the stowaways on board, citing *Matter of British M/V "Spencer"*, 5 I. & N. Dec. 563 (BIA 1953). The District Director recommended that a fine of $4,000 or $1,000 for each stowaway be imposed, under the provisions of section 273(d) of the Act, with no mitigation thereof.

Under section 273(d), liability for a fine is incurred by a carrier for failure to detain on board any alien stowaway until such stowaway has been inspected by an immigration officer, or for failure to detain such stowaway on board or at such other designated place after inspection if ordered to do so by an immigration officer.

It appears from the record that there is no dispute as to the basic facts in this matter. Nevertheless, we agree with the contention made in behalf of the carrier that when the vessel departed from California and sailed to a foreign port, the carrier's duty under the Form I-259 served upon it in Oakland on January 26, 1976, was fully discharged and the order then became a nullity. In any event, a new Form I-259 was not served on any party when the vessel returned to the United States in February, 1976. Forms I-410 and I-418 were served on the Master, but

there is no evidence to show that either or both of these notices came to the attention of the carrier before the escape of the stowaways. It is an essential prerequisite to imposition of a fine that both notice to detain and notice of liability be served upon the one fined. Since the vessel actually touched foreign, a new notice to detain (Form I-259) should have been served on the carrier. This was not done. On the basis of the foregoing, it is clear that the carrier was under no duty to detain the stowaways after the return from Canada because it was not notified to do so.

Liability to fine presupposes a duty to detain.[1] In this instance, that duty was never created by notice to the carrier. See *Matter of SS "Morning Light,"* 7 I. & N. Dec. 280 (BIA 1956). Accordingly, we find that imposition of a fine on the carrier is not warranted in the circumstances of this case.

**ORDER:** It is ordered that no fine be imposed on the carrier.

---

[1] See Gordon & Rosenfield, Vol. 2, Chap. 9.13, wherein it is pointed out that under this particular phase of section 273(d) of the Act, notice is a prerequisite to liability and a fine cannot be imposed against a party to whom an order was not communicated.